UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                         :
VICTORIA RICKS,                                                          :
                                                                         :      13 Civ. 7396 (PAE)
                                               Plaintiff,                :
                                                                         :      OPINION & ORDER
                         -v-                                             :
                                                                         :
GODERICH AIRCRAFT, INC., BLAINE FIELD,                                   :
                                                                         :
                                               Defendants.               :
                                                                         :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

On October 21, 2013, plaintiff Victoria Ricks moved for summary judgment against defendants Goderich Aircraft, Inc. ("Goderich") and Goderich's President, Blaine Field, seeking confirmation of a $670,000 arbitration award issued October 22, 2012, and an arbitration award for costs and fees, issued March 11, 2013. Dkt. 1. Both awards were issued by the American Arbitration Association's International Centre for Dispute Resolution, in an arbitration proceeding entitled *Ricks v. Goderich Aircraft, Inc. and Field*, ICDR Case No. 50 132 T 002299 12. Ricks also seeks interest on each award, calculated from its date, and attorneys' fees and costs incurred as a result of the instant motion. Defendants ultimately decided not to oppose the motion. Dkt. 11. For the following reasons, Ricks's motion for summary judgment is granted, except as to her request for those attorneys' fees and costs incurred in the proceedings before this Court, which is denied.

**I.    Background**

On August 11, 2011, Ricks, Goderich, and Field executed a settlement agreement, the purpose of which was to resolve certain business disputes between them. Dkt. 2 ("Pl. Br.") at 1;

1

Declaration of Daniel Lynch ("Lynch Decl.") Ex. A (the "Settlement Agreement"). The Settlement Agreement provided that Goderich would pay Ricks $750,000 in certain monthly installments, and that in the event of default, Field would tender all of his shares in Goderich to Ricks. Settlement Agreement Ex. B. The parties agreed that any action to enforce the agreement would be resolved in arbitration and that "any court action . . . shall be brought in any court of competent jurisdiction in New York." Settlement Agreement ¶¶ 9, 12.

### A. The $670,000 Award

On April 12, 2012, after Goderich defaulted on its April 2012 payment and Field failed to tender his shares, Ricks commenced the underlying arbitration proceedings. Pl. Br. 2. On October 22, 2012, the day before the scheduled hearing, the parties stipulated to an award, under which Goderich agreed to pay Ricks $670,000 and Field agreed to tender his shares in Goderich to Ricks by November 1, 2012. Lynch Decl. Ex. C ("Partial Final Arbitration Award") ¶¶ 1, 4. Ricks represents that, although Field thereafter tendered his shares, Goderich has not paid Ricks any of the $670,000 it owes her. Pl. Br. 3. She seeks confirmation of that award.

### B. The Award of Arbitration Fees and Costs

The Partial Final Arbitration Award also stated, pursuant to the Settlement Agreement, that an award for fees and costs would be entered in favor of Ricks and against Goderich and Field. Partial Final Arbitration Award ¶¶ 2–3. On March 11, 2013, after briefing, the arbitrator entered an award in favor of Ricks for attorneys' fees and costs in the amounts of (1) $11,614.52 against Goderich and Field jointly and severally; (2) $17,022.11 against Field individually; (3) $5,407.59 against Goderich individually; and (4) $13,080.00 against Goderich and Field jointly and severally, representing arbitration fees and compensation that Ricks had paid. Lynch Decl. Ex. D ("Final Award") ¶¶ 2–4. Ricks also seeks confirmation of that award.

## II.     Applicable Legal Standard

The Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, provides a "streamlined" process for a party seeking a "judicial decree confirming an award, an order vacating it, or an order modifying or correcting it." *Hall St. Assocs. L.L.C. v. Mattell, Inc.*, 552 U.S. 576, 582 (2008). "Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006). But "[a]rbitration awards are not self-enforcing." *Hoeft v. MVL Grp., Inc.*, 343 F.3d 57, 63 (2d Cir. 2003), *overruled on other grounds by Hall St.*, 552 U.S. 576. Rather, "they must be given force and effect by being converted to judicial orders by courts." *D.H. Blair*, 462 F.3d at 104.

Review of an arbitral award by a district court "is 'severely limited' so as not unduly to frustrate the goals of arbitration, namely to settle disputes efficiently and avoid long and expensive litigation." *Salzman v. KCD Fin., Inc.*, No. 11 Civ. 5865 (DLC), 2011 WL 6778499, at *2 (S.D.N.Y. Dec. 21, 2011) (quoting *Willemijn Houdstermaatschappij, BV v. Standards Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997)). "To ensure that the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation are met, arbitration awards are subject to very limited review." *NYKcool A.B. v. Pac. Fruit Inc.*, No. 10 Civ. 3867 (LAK)(AJP), 2010 WL 4812975, at *5 (S.D.N.Y. Nov. 24, 2010) (collecting recent Second Circuit cases). Indeed, "an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached." *Landy Michaels Realty Corp. v. Local 32B–32J, Serv. Emps. Int'l Union, AFL–CIO*, 954 F.2d 794, 797 (2d Cir. 1992) (citation omitted).

To prevail on a motion for summary judgment, the movant must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the burden of demonstrating the absence of a question of material fact. In making this determination, the Court must view all facts "in the light most favorable" to the non-moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also Holcomb v. Iona Coll.*, 521 F.3d 130, 132 (2d Cir. 2008). To survive a summary judgment motion, the opposing party must establish a genuine issue of fact by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1); *see also Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). Only disputes over "facts that might affect the outcome of the suit under the governing law" will preclude a grant of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether there are genuine issues of material fact, the Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (citing *Terry v. Ashcroft,* 336 F.3d 128, 137 (2d Cir. 2003)).

However, "[e]ven when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004); *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001) ("[W]hen a nonmoving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial . . . ."). Similarly, on an unopposed motion for confirmation of an arbitration award,

> a court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material

4

issue of fact remains for trial.  If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented*."

*D.H. Blair*, 462 F.3d at 110 (emphasis in original) (quoting *Vt. Teddy Bear Co.*, 373 F.3d at 244).

### III.   Discussion

#### A.   Confirmation of the Arbitration Awards

Before the Court is the Settlement Agreement, which includes an arbitration clause, and the arbitration awards.  On that record, and on the limited review that is appropriate, the Court holds that Ricks has shown that, as to the confirmation of the arbitration awards, there is no material issue of fact in dispute.  The parties stipulated to the Partial Final Arbitration Award, which is the basis for the $670,000 award against Goderich.  Partial Final Arbitration Award ¶ 1. They also stipulated to Goderich and Fields' liability for Ricks' costs and fees arising out of the arbitration proceeding.  *Id.* ¶¶ 2–3.  The arbitrator's decision determining the amount owed for fees and costs reflects, after briefing, a considered judgment by the arbitrator.  *See* Final Award at 3–5.  The record therefore reflects much more than the "barely colorable justification for the outcome reached" that the law requires be present to confirm an arbitration award.  *Landy Michaels Realty Corp.*, 954 F.2d at 797.  Accordingly, the Court confirms the two awards.

#### B.   Interest

Ricks also seeks interest from the dates of the respective awards.  Pl. Br. 5.  "'[A] confirmed arbitration award made under the Federal Arbitration Act . . . bears interest from the date of the award not from the date of the judgment confirming it.'"  *Moran v. Arcano*, No. 89 Civ. 6717 (CSH), 1990 WL 113121, at *3 (S.D.N.Y. July 27, 1990) (quoting *Sun Ship, Inc. v. Matson Navigation Co.*, 785 F.2d 59, 63 (3d Cir. 1986)); *accord Finger Lakes Bottling Co., Inc. v. Coors Brewing Co.*, 748 F. Supp. 2d 286, 292 (S.D.N.Y. 2010) ("New York law provides for

prejudgment interest running from the date of an arbitration award until the entry of final judgment."). The Court therefore grants Ricks interest, which is to be calculated from the respective dates of the two awards until the entry of judgment in this action.

### C. Fees and Costs Incurred in this Action

Finally, Ricks seeks $4,703.75 in attorneys' fees and costs incurred in pursuit of the action brought in this Court. Pl. Br. 5–6. She states that the basis for such an award is the fee-shifting clause in the Settlement Agreement, to which she states the parties are bound by virtue of agreeing, in the Partial Final Arbitration Award, that Ricks would receive attorneys' fees incurred in the arbitration proceeding. *Id.* But the Settlement Agreement's fee-shifting clause does not encompass Ricks's lawsuit in this court. Instead, the fee-shifting clause is, by its plain terms, limited to arbitration proceedings. The clause, entitled "Arbitration/Legal Fees," reads in full:

> In any action to enforce the provisions of this Agreement the parties agree to arbitration by [the] Arbitration Association of America in New York. The Arbitration shall be subject to the Commercial Arbitration Rules, and shall be before a single arbitrator. The arbitrator shall award to the successful party, in addition to any legal or equitable relief, that party's reasonable attorneys' fees, arbitration costs, and other litigation expenses. In the event of mixed success, costs, fees and expenses shall be awarded in proportion to the relative success of each party.

Settlement Agreement ¶ 9.

This clause thus contemplates the award of fees by an arbitrator, following—and impliedly, therefore, for fees incurred in—the arbitration. The clause does not say or imply that the successful party shall be reimbursed for all costs and fees incurred in enforcing the Agreement, *i.e.*, in a follow-on lawsuit in court. Quite the contrary, the provision that the *arbitrator* shall award such fees suggests that such fees were not intended to include fees incurred in a later court action, including in federal district court. Indeed, in the Final Award, the

arbitrator denied Ricks's request for fees incurred in a previous civil action in aid of arbitration filed in this Court, explaining that that action "was not part of this arbitration proceeding and any claim for attorneys' fees in connection with that action would have been within the jurisdiction of the federal court." Final Award at 4. The Settlement Agreement does not authorize the Court to award Ricks fees and costs incurred in the proceeding before it. Nor has Ricks cited any other basis for an award of fees and costs incurred in this action. Accordingly, as to this limited category of fees and costs, the Court denies Ricks's request for such relief.

## CONCLUSION

The Court confirms the October 22, 2012 Partial Final Arbitration Award and the March 11, 2013 Final Award and enters judgment in Ricks's favor in the amounts of:

(1) $670,000 against Goderich, pursuant to the October 22, 2012 Partial Final Arbitration Award; and, pursuant to the March 11, 2013 Final Award,
(2) $11,614.52 against Goderich and Field jointly and severally;
(3) $17,022.11 against Field individually;
(4) $5,407.59 against Goderich individually;
(5) $13,080.00 against Goderich and Field jointly and severally for arbitration fees and compensation; and
(6) Interest, to be calculated from the respective dates of the two awards until the entry of judgment in this action.

The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: February 13, 2014
       New York, New York

7